1  Michael A. Gould, Esq. (SBN 151851)
   Michael@wageandhourlaw.com
2  Aarin A. Zeif (SBN 247088)
   Aarin@wageandhourlaw.com
3  GOULD & ASSOCIATES
   A Professional Law Corporation
4  17822 E 17th Street, Suite 106
   Tustin, California 92780
5  Telephone: (714) 669-2850
   Facsimile: (714) 544-0800
6
7  Attorneys for Plaintiff
   April Becerra-South
8
9
10              **UNITED STATES DISTRICT COURT**
11              **CENTRAL DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| APRIL BECERRA-SOUTH, individually, and on behalf of other members of the general public similarly situated, | **CASE NO.:** 2:18-cv-08348 CJC (FFMx) |
| | Assigned To: Hon. Cormac J. Carney |
| Plaintiff, | |
| v. | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC./APPLE ONE SERVICES, LTD., and DOES 1 through 25, | **DATE: October 19, 2020 TIME: 1:30 P.M. COURTROOM: 9B** |
| Defendants. | Case Filed: May 16, 2018 Trial Date: January 12, 2021 |

- i -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

TO ALL PARTIES AND ITS RESPECTIVE COUNSEL FOR RECORD:

PLEASE TAKE NOTICE that on October 19, 2020 at 1:30 p.m., or as soon thereafter as the matter can be heard in Courtroom 9B of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, CA, 92701-4516, Plaintiff April Becerra-South will and herby does move this Court for an order granting preliminary approval of the class action settlement.

Plaintiff's motion is based on this Notice; the Memorandum of Points and Authorities, Declaration of Michael A. Gould submitted herewith and attached Exhibits, Declaration of Plaintiff Becerra-South, all other pleadings and papers on file in this action; and any oral argument or other matter that may be considered by the Court.

DATED:  September 11, 2020          GOULD & ASSOCIATES

By   /s/ Michael A. Gould
     MICHAEL A. GOULD
     Attorney for  Plaintiff April Becerra-South

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

# TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | | INTRODUCTION | 1 |
| II. | | FACTUAL AND PROCEDURAL HISTORY OF THE CASE | 2 |
| | A. | PLAINTIFF'S ALLEGATIONS | 2 |
| | B. | THE PARTIES' INVESTIGATIONS AND INFORMAL DISCOVERY | 3 |
| | C. | SETTLEMENT OF THE CASE | 4 |
| III | | SUMMARY OF SETTLEMENT TERMS | 4 |
| | A. | CLAIMS ADMINISTRATION | 5 |
| | | 1. Notice to Class Members | 5 |
| | | 2. Notice Period | 6 |
| | | 3. Individual Settlement Payment | 6 |
| | | 4. Nature of Payment | 7 |
| | B. | THE RELEASE | 7 |
| | C. | OTHER PAYMENTS | 8 |
| | D. | TAX CONSEQUENCES | 9 |
| | E. | OTHER CASES | 10 |
| IV. | | DISCUSSION | 10 |
| | A. | THE STANDARD OF REVIEW FOR CLASS ACTION SETTLEMENTS | 10 |
| | B. | THE SETTLEMENT IS THE PRODUCT OF SERIOUS, INFORMED AND NON-COLLUSIVE NEGOTIATIONS | 11 |
| | C. | COUNSEL FOR BOTH PARTIES ARE EXPERIENCED IN THIS TYPE OF LITIGATION | |

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

D.    THE SETTLEMENT IS FAIR AND REASONABLE BASED
      ON THE STRENGTH OF PLAINTIFF'S CASE AND
      THE RISKS AND COSTS OF FURTHER LITIGATION    13

V.  THE WAGE AND HOUR CLAIMS CLASS SHOULD BE
    CONDITIONALLY CERTIFIED FOR SETTLEMENT
    PURPOSES

    A.    THE STATE WAGE AND HOUR CLAIMS CLASS
          SATISFIES THE REQUIREMENTS OF FEDERAL RULE
          OF CIVIL PROCEDURE 23(A)    14
          1.    Rule 23(a)(1): The Numerosity Requirement is Satisfied  14
          2.    Rule 23(a)(2): Questions of Law and Fact are Common
                to the State Wage and Hour Claims Class    15
          3.    Rule 23(a)(3): The Claims of Plaintiff are Typical of the
                State Wage and Hour Claims Class    15
          4.    The Class Representative Has Fairly and Adequately
                Protected the Interests of the State Wage and Hour
                Claims Class    16

    B.    THE PREREQUISITES OF RULE 23(B) ARE ALSO
          SATISFIED    17
          1.    The Predominance Requirement is Met    17
          2.    The Superiority Requirement is Met    18

    C.    THE PROPOSED METHOD OF CLASS NOTICE IS
          APPROPRIATE    19

VI.  CONCLUSION    22

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

# TABLE OF AUTHORITIES

**Cases**

*Air Line Stewards, etc., Loc. 550 v. American Airlines, Inc.*

    455 F.2d 101 (7th Cir. 1972)      13

*Amchem Prods, v. Windsor*

    521 U.S. 591 (1997)      20

*Browning v. Yahoo! Inc.*

    2006 U.S. Dist. LEXIS 34770 (N.D. Cal. 2006)      14

*Churchill Village, L.L.C. v. General Electric*

    361 F.3d 566 (9th Cir. 2004)      20

*Dirks v. Clayton Brokerage Co. of St. Louis, Inc.*

    105 F.R.D. 125 (D. Minn. 1985)      18, 19

*Eisen v. Carlisle & Jacquelin*

    417 U.S. 156 (1974)      19

*EEOC v. Kovacevich "5" Farms*

    2007 U.S. Dist. LEXIS 32330 (E.D. Cal. 2007)      14

*Haley v. Medtronic, Inc.*

    169 F.R.D. 643 (C.D. Cal. 1996)      15

*Hammon v. Barry*

    752 F.Supp. 108 (D.D.C. 1990)      11

*Hanlon v. Chrysler Corp.*

    150 F.3d 1011 (9th Cir. 1998)      15

*In re Linerboard Antitrust Litigation*

    296 F.Supp.2d 568 (E.D. Pa. 2003)      10

*In re Wells Fargo Home Mortg. Overtime Pay Litig.*

    2007 U.S. Dist. LEXIS 77525 (N.D. Cal. 2007)      18

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

*In re Wirebound Boxes Antitrust Lit.*

    128 F.R.D. 268 (D. Minn. 1989)         17

*Jordan v. County of Los Angeles*

    669 F.2d 1311 (9th Cir. 1982)         14

*Kirkorian v. Borelli*

    695 F. Supp. 446 (N.D. Cal. 1988)         11

*Klay v. Humana, Inc.*

    382 F.3d 1241 (11th Cir. 2004)         17

*Lockwood Motors Inc. v. General Motors Corp.*

    162 F.R.D. 569 (D. Minn. 1995)         18

*Mullane v. Central Hanover Bank & Trust Co.*

    339 U.S. 306 (1950)         19

*Philadelphia Housing Authority v. Amer. Radiator & Standard Sanit. Corp.*

    323 F. Supp. 364 (E.D. Pa. 1970)         10, 19

*Phillips Petroleum Co. v. Shutts*

    472 U.S. 797 (1985)         19

*Pridd v. Edelman*

    883 F.2d 438 (6th Cir. 1989)         11

*Reed v. General Motors Corp.*

    703 F.2d 170 (5th Cir. 1983)         11

*Ross v. Trex Company, Inc.*

    2009 U.S. Dist. LEXIS 69633 (N.D. Cal. 2009)         10

*Slaven v. BP Am., Inc.*

    190 F.R.D. 649 (C.D. Cal. 2000)         14

*Smilow v. Southwestern Bell Mobile Sys., Inc.*

    323 F.2d 32 (1st Cir. 2003)         18

- vi -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

*Staton* v. *Boeing Company*

    327 F.3d 938 (9th Cir. 2003) — 15

*Steinberg v. Carey*

    470 F.Supp, 471 (S.D.N.Y. 1979) — 11

*Suastez* v. Plastic *Dress-Up Co.*

    31 Cal. 3d 774 (1982) — 2

*Valentino v. Carter-Wallace, Inc.*

    97 F.3d 1227 (9th Cir. 1996) — 18

*White v. Local 942*

    688 F.2d 85 (9th Cir. 1982) — 16

*White v. Nat'l Football League*

    41 F.3d 402 (8th Cir. 1994) — 20

**Federal Statues and Rules**

Federal Rule of Civil Procedure 23 — *passim*

**State Statues and Rules**

California Business and Professions Code § 17200 — 1

California Labor Code § 203 — 1

California Labor Code § 227.3 — 1, 3

California Labor Code § 266 — 1

California Labor Code § 2699 — 1

**Other Authority**

*Newberg on Class Actions* § 7.20 (4th ed. 2002) — 10-11

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff April Becerra-South ("Plaintiff" or "Becerra-South"), on behalf of herself and others similarly situated, moves the Court for an order granting preliminary approval to the settlement of this wage and hour class action litigation (the "Settlement") reached between Plaintiff and Defendant Howroyd-Wright Employment Agency, Inc. ("Defendant" or "Apple One").

Becerra-South filed this action in State Superior Court on May 16, 2018 against Apple One for various wage and hour violations. Apple One removed this action to the United States District Court, Central District of California on September 27, 2018 (Dkt No. 1). After the filing and withdrawal of AppleOne's motion to dismiss, the parties stipulated to the filing of a First Amended Complaint. The First Amended Complaint alleges: (1) failure to pay vacation (*California Labor Code* § 227.3);   (2) unfair business practices (*California Business and Professions Code* § 17200 et seq.); (3) failure to pay all wages at termination (*California Labor Code* § 203); (4) failure to provide proper and accurate paycheck stubs (*California Labor Code* § 226); and (5) penalties pursuant to the Private Attorneys General Act ("PAGA").  Defendant denies the allegations in the First Amended Complaint.

The Parties have reached an agreement to settle all claims, including any claims for penalties under California's Private Attorneys General Act ("PAGA"). Pursuant to the Joint Stipulation of Class Action Settlement ("Settlement Agreement"), filed herewith, the Parties request that the Court consider and grant an Order under the following terms:

(a)    Scheduling a final approval hearing on the question of whether the

- 1 -

proposed Settlement, including payment of attorneys' fees and costs, and the class representative's enhancement award, should be finally approved as fair, reasonable and adequate as to the members of the Settlement Class ("Class Members");

　　　　(b)　　Certifying the class for settlement purposes as described herein;

　　　　(c)　　Approving the proposed Class Notice;

　　　　(d)　　Directing the mailing of the Notice by first class mail to the Class Members;

　　　　(e)　　Preliminarily approving the Settlement, including attorney's fees and costs, subject only to the objections of Class Members and final review by the Court; and

　　　　(f)　　Preliminarily approving costs of administration payable to the Settlement Administrator.

## II.　FACTUAL AND PROCEDURAL HISTORY OF THE CASE

### A.　PLAINTIFF'S ALLEGATIONS

AppleOne is a nationwide staffing agency. AppleOne places employees at various client locations. Becerra-South worked for AppleOne as an hourly paid full-time worker from May 2016 to April 2017. During Becerra-South's employment at AppleOne, she accrued vacation wages pursuant to AppleOne's written vacation policy. In April 2017, Becerra-South's employment with AppleOne was separated. However, upon separation from employment at AppleOne, Becerra-South claims that she did not receive her accrued vacation benefits as required by law.

California Law requires employers to pay unused accrued vacation upon separation from employment. See *Suastez* v. Plastic *Dress-Up Co.,* 31 Cal. 3d

- 2 -

774, 779 (1982); See *California Labor Code* § 227.3. Employers may avoid this state law obligation by properly creating a Voluntary Employees Beneficiary Association Plan (VEBA) and trust. AppleOne claims to have properly created a VEBA trust under ERISA and thus need not comply with state vacation laws. However, Becerra-South believes AppleOne's purported VEBA trust, including plan administration, does not comply with ERISA's requirements, and consequently, preemption does not apply and earned vacation wages should have been paid to hourly workers.

### B.   PARTIES' INVESTIGATIONS AND INFORMAL DISCOVERY

Prior to filing this matter and during litigation of this case, Class Counsel conducted much investigation into the facts and circumstances relating to Plaintiff's allegations as well as conducted much legal research on preemption of VEBA trusts over state employment laws. (Gould Decl., ¶¶ 2-14). The Parties engaged in both formal and informal discovery prior to the settlement of the action. (Gould Decl., ¶¶ 5-13). Class Counsel obtained the number of class members during the class period, the average rate of pay of class members, and the amount of vacation wages owed. (Gould Decl., ¶ 5 and 10). Class Counsel reviewed thousands of records, including pages of bank records from various Apple One bank accounts, Apple One's tax returns, Apple One's vacation policies, Apple One's VEBA trust and related documents, and Plaintiff's employment file. (Gould Decl., ¶¶ 5, 7, 10, and 13). Class Counsel took the deposition of Michael Hoyal, Apple One's designated PMQ. (Gould Decl., ¶ 9). Class Counsel also retained a consultant to review Apple One's VEBA Trust and related documents and Apple One's tax returns. (Gould Decl., ¶ 10). Becerra-South filed her Motion for Class Certification, which was pending at the time the Parties resolved the matter. (Gould Decl., ¶ 9). The Parties also were in the

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

process of preparing cross motions for Summary Judgment/Partial Summary
Judgment when the matter was resolved. (Gould Decl., ¶ 12). Seeking to resolve
the matters in dispute before engaging in additional protracted litigation, the
Parties agreed to attend mediation. (Gould Decl., ¶ 9).

### C.    SETTLEMENT OF CASE

On May 22, 2020 the Parties attended a full-day mediation with experienced
mediator Hon. Carl J. West (Ret.). (Gould Decl., ¶ 11). The mediation involved
substantial discussions and negotiations regarding the likelihood of class
certification as well as the merits of the underlying claims and defenses. (Gould
Decl., ¶ 11). The Parties were not able to resolve the matter at mediation. (Gould
Decl., ¶ 11).

During the weeks following the mediation, the Parties continued to discuss
resolution of the matter and continued to exchange/review documentary
information. (Gould Decl., ¶ 13). Thereafter, the Parties were able to resolve the
matter. (Gould Decl., ¶ 14). The terms of the Settlement, which are discussed
more fully below, were subsequently refined and memorialized by the Parties in
the Settlement Agreement. (Gould Decl., ¶ 14; Exhibit No. 1). The Parties'
agreement is the result of good faith, arm's length negotiations and was reached
only after aggressive, extensive litigation and with the assistance of a qualified and
experienced mediator/retired judge. (Gould Decl., ¶ 14).

### III.    SUMMARY OF SETTLEMENT TERMS

Although the Settlement Agreement filed herewith is available for the
Court's review, the Parties highlight the basic features of the agreement here. The
Settlement Agreement provides for the payment of six hundred thousand dollars
($600,000) ("Class Settlement Amount") by Apple One to resolve the claims of

- 4 -

approximately 486 members of the Settlement Class. The Class Settlement Amount is inclusive of Class Counsel's attorneys' fees and costs, costs of administering the Settlement, an incentive payment ("Class Representative Service Award"), and payment to California's Labor & Workforce Development Agency ("LWDA Payment").

## A.    CLAIMS ADMINISTRATION

The Parties have selected CPT Group, Inc. ("Claims Administrator") to administer the Settlement.

### 1.    Notice to Class Members

The Parties have agreed to send a Class Notice to Class Members by U.S. Mail. The Class Notice will advise the recipient of the preliminary calculation of his or her Individual Settlement Payment which will be calculated as an apportionment from the Net Settlement Amount based upon the Class Member's last rate of pay and total amount of hours of accrued yet unused vacation benefits. (Gould Decl., ¶ 14; Exhibit No. 1, ¶ 44). Details of how the Class Notice will be prepared and delivered are provided in Paragraphs 46, 47 and 48 of the Settlement Agreement. These include the following:

- Notice will be by first class mail. (Gould Decl., ¶ 14; Exhibit No. 1, ¶ 47);

- A Sample Notice is filed herewith as Exhibit No. 1 the Settlement Agreement (Gould Decl., ¶ 14; Exhibit No. 1, Exhibit A);

- Apple One will provide to the Claims Administrator a document, which lists for each Class Member the Class Member's full name, most recent mailing address, Social Security number, last rate of pay and the total amount of hours of accrued yet unused vacation benefits; (Gould Decl., ¶ 14; Exhibit No. 1, ¶¶ 6 and 46);

- Prior to mailing, the Claims Administrator will run the Class List through the National Change of Address database. Any Notices returned undeliverable will be traced to obtain a new address and be re-mailed by First Class Mail. Class Members will have until the Response Deadline to submit their opt out, which shall be postmarked

- 5 -

by on or before the 30th day from the date of mailing of the Notice. To the extent any mailed Notice is returned as undeliverable, such person shall be permitted at least thirty (30) days from any re-mailing of the Notice to submit their opt out ("Re-mailing Response Deadline"), but in no event later than fifteen (15) days after the close of the Response Deadline. (Gould Decl., ¶ 14; Exhibit No. 1, ¶ 47).

### 2. Notice Period

There will be a thirty (30) day notice period commencing on the date the Notice Packets are mailed by the Claims Administrator to Class Members. During the notice period, Class Members will have the option to object or opt-out of the Settlement. (Gould Decl., ¶ 14; Exhibit No. 1, ¶¶ 47, 49, and 51). Class Members that wish to participate in the Settlement do not need to do anything.

Any Class Member who fails to request exclusion will be bound by the Settlement but will receive his/her portion of the Settlement proceeds. (Gould Decl., ¶ 14; Exhibit No. 1, ¶ 47).

### 3. Individual Settlement Payment

Individual Settlement Payments will be calculated and apportioned from the Net Settlement Amount based on the Participating Class Member's last rate of pay and total amount of hours of accrued yet unused vacation benefits. (See Gould Decl., Ex. No. 1, Settlement Agreement, ¶ 44).

The Net Settlement Amount, which is estimated to be Three Hundred Eighty-Two Thousand Dollars ($382,000), is the portion of the Total Settlement Amount to be distributed to Class Members pursuant to the Settlement Agreement, after deducting payments for the Class Counsel's attorney's fees ($180,000), estimated Class Counsel's costs ($15,000), the Class Representative Enhancement Award ($5,000), Claims Administration Costs ($10,500), and the LWDA Payment ($7,500).

It is estimated that the average settlement monies paid to Class Members under the settlement amounts to approximately $786.00. (Gould Decl., ¶ 23).

### 4.    Nature of the Payment

This is an "all in" settlement, meaning none of the Total Settlement Amount will revert back to Apple One. (Gould Decl., ¶ 14). Any checks issued by the Claims Administrator to Participating Class Members will be negotiable for 180 calendar days. (Gould Decl., ¶ 14; Exhibit No. 1, ¶ 54). Any checks uncashed after 180 calendar days from issuance shall be void and, together with any settlement sums for Participating Class Members whose Settlement Payment is returned as undeliverable shall constitute the Uncashed Residual ("Uncashed Residual"). (Gould Decl., ¶ 14; Exhibit No. 1, ¶ 54). The Parties have agreed and shall request the Court to direct the Uncashed Residual to be distributed to the California Bar Justice Gap Fund. (Gould Decl., ¶ 14; Exhibit No. 1, ¶ 54).

### B.    THE RELEASE

Upon the Effective Date, all Class member who do not timely opt out finally release Apple One and the Released Parties, to the fullest extent permitted by law, of and from any and all Released Claims (Gould Decl., ¶ 14; Exhibit No. 1, ¶ 60). "Released Claims" means any and all claims, charges, rights, complaints, liens, demands, obligations, damages, liabilities, and causes of action that each Class member had, now has, or may hereafter claim to have against the Released Parties arising prior to Preliminary Approval, and that were asserted in the Action and that relate to those claims that were asserted in the Action, or that could have been asserted in the Action based on the same facts and circumstances alleged in the operative Complaint in the Action (collectively, "the Released Claims"). The Released Claims specifically include, but are not limited to, claims for: failure to

- 7 -

pay vacation wages, failure to provide accurate wage statements, failure to pay compensation due at separation, unfair/fraudulent business practices, penalties under the Private Attorneys General Act, and all other potential civil and statutory penalties based on or arising from the Released Claims, including but not limited to statutory, constitutional, contractual damages, unpaid costs, penalties, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief. (Gould Decl., ¶ 14; Exhibit No. 1, ¶ 27). "Release Parties" means Defendant and its present and former parent companies, affiliates, divisions, subsidiaries, acquired companies, predecessors, successors and assigns and each of their respective present and former directors, officers, shareholders, owners, agents, representatives, employees, partners, attorneys, insurers, predecessors, successors, assigns, affiliated companies and entities and any individual or entity that could be jointly liable with any of the foregoing. (Gould Decl., ¶ 14; Exhibit No. 1, ¶ 29). "Released Claims Period" means the period from May 16, 2014 to the date of Preliminary Approval. (Gould Decl., ¶ 14; Exhibit No. 1, ¶ 28).

### C.    OTHER PAYMENTS

As part of the Settlement, AppleOne has agreed not to oppose an award of $180,000 as a reasonable attorneys' fees award to Class Counsel.  (Gould Decl., ¶ 14; Exhibit No. 1, ¶ 38). The Parties agree that Class Counsel's total litigation costs, excluding costs for the claims administrator, will not exceed $15,000. (Gould Decl., ¶ 14; Exhibit No. 1, ¶ 38). The Parties further agree to recommend a Class Representative Enhancement Award of Five Thousand Dollars ($5,000) to Becerra-South. (Gould Decl., ¶ 14; Exhibit No. 1, ¶ 39).  Becerra-South provided Class Counsel with relevant and helpful information for this lawsuit.  (Gould Decl., ¶27; Becerra-South Decl., ¶ 8).  Becerra-South has been involved in all stages of the litigation from the investigation stage to Approval.  (Gould Decl.,

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

¶27; Becerra-South Decl., ¶ 8). Becerra-South assisted in drafting discovery, looked for and produced documents, assisted in settlement negotiations, assisted in the preparation of the Motion for Class Certification, and made herself available to answer questions and review documents. (Gould Decl., ¶27; Becerra-South Decl., ¶ 8). Additionally, Becerra-South was at risk for potentially paying Apple One's legal fees and costs, in the event Apple One prevailed at trial. (Gould Decl., ¶27; Becerra-South Decl., ¶ 9). Becerra-South also signed a general release of claims in conjunction with the settlement. (Gould Decl., ¶ 14; Exhibit No. 1, ¶ 62). In addition to the Class Counsel Award and the Class Representative Enhancement Award, the Parties anticipate paying approximately $10,500 in Claims Administration Costs and $7,500.00 to the LWDA. (Gould Decl., ¶ 14; Exhibit No. 1, ¶¶ 40 and 42).

### D.    TAX CONSEQUENCES

All Individual Settlement Payments will be allocated as follows: one-third of each Individual Settlement Payment will be allocated as wages, one-third will be allocated as penalties, and the remaining one-third will be allocated as interest. (See Gould Decl., Ex. No. 1, Settlement Agreement, ¶ 46). The portion allocated to wages will be reported on an IRS Form W-2 and the portions allocated to interest and penalties will be reported on an IRS Form-1099 by the Claims Administrator. (See Gould Decl., Ex. No. 1, Settlement Agreement, ¶ 46). The wage portion of the Individual Settlement Payment for each Participating Class Member will be subject to deductions for employer and employee payroll taxes and reported on a W-2 statement. (See Gould Decl., Ex. No. 1, Settlement Agreement, ¶ 46). The penalties and interest portions of the Individual Settlement Payment for each Participating Class Member will be reported on a Form 1099 Misc. (See Gould Decl., Ex. No. 1, Settlement Agreement, ¶ 46). All

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Settlement Payments to Class Members shall be deemed to be paid solely in the year in which such payments actually are received by the Class Members.

### E.    OTHER CASES

The Parties are aware of no other cases that may be affected by this Settlement.

## IV.    <u>DISCUSSION</u>

### A.    STANDARD OF REVIEW FOR CLASS ACTION SETTLEMENTS

Actions brought as class actions may only be settled, compromised and/or dismissed with court approval. *See* FED. R. CIV. PROC. 23(e). The commonly accepted procedure for court approval of a settlement agreement calls for (1) preliminary approval of the proposed settlement; (2) notice to class members of the pendency of the action, the proposed settlement, and of their rights to participate in or to opt-out of the litigation; and (3) a final hearing on the fairness and adequacy of the proposed settlement. *See* <u>Manual for Complex Litigation, Second</u> § 30.44 (1993). Preliminary approval is merely the prerequisite to giving notice so that "the proposed settlement . . . may be submitted to members of the prospective class for their acceptance or rejection." *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970).

The question presented on a motion for preliminary approval of a proposed class action settlement is whether the proposed settlement is "within the range of reasonableness." *Ross v. Trex Company, Inc.*, 2009 U.S. Dist. LEXIS 69633, *9 (N.D. Cal. 2009) (citing *Alba Conte et al.*, <u>Newberg on Class Actions</u> §11.25 at 11-91 (4th Ed. 2002). In ruling on a motion for preliminary approval, the Court must consider whether, "(1) the negotiations occurred at arm's length; (2) there

- 10 -

was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *Id.* (citing *In re Linerboard Antitrust Litigation*, 296 F.Supp.2d 568 (E.D. Pa. 2003). To date, Counsel are unaware of any objections to the Settlement Agreement.

Settlements which are within the "range of reasonableness" are presumed to be fair and should be approved by the court. Similarly, settlements which are obtained after diligent investigation, extensive discovery and arm's length negotiation are presumed to be fair. Where there is no evidence of fraud or collusion, courts presume that no such improprieties tainted the negotiations, and that they were conducted in good faith. *See* Newberg on Class Action, 3d Ed. §11.51; *Pridd v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989). Courts do not second guess the parties, or substitute their judgment for that of the proponents of the settlement, particularly when experienced counsel familiar with the litigation have reached settlement. *See Hammon v. Barry*, 752 F.Supp. 108, 1093 (D.D.C. 1990); *Steinberg v. Carey*, 470 F.Supp, 471 (S.D.N.Y. 1979). In fact, many courts recognize that the opinion of experienced counsel supporting the settlement is entitled to considerable weight. *Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988); *Reed v. General Motors Corp.*, 703 F.2d 170, 175 (5th Cir. 1983).

## B.    THE SETTLEMENT IS THE PRODUCT OF SERIOUS, INFORMED AND NON-COLLUSIVE NEGOTIATIONS

The Court should presume that this settlement is fair. The Settlement was reached through arm's length bargaining between counsel, which included offers and counteroffers. Throughout this litigation, Class Counsel was confident in the merits of Plaintiff's and Class Members' legal position, and, likewise, Apple One maintained that it would be able to defeat a class certification motion and/or class claims on the merits, including by way of an anticipated Motion for Summary

- 11 -

Judgment/Partial Summary Judgment.  Both Parties preferred this Settlement to facing a protracted litigation period, incurring costs and fees, and possible further delay if either party appealed a judgment.  (Gould Decl., ¶¶ 19-21).

Prior to resolution of the matter, both Parties conducted sufficient research into their claims and defenses in order to appropriately evaluate the strengths and weaknesses of their respective cases.  (Gould Decl., ¶¶ 2-13).  Prior to resolution of this matter, both Parties carefully weighed the risks and benefits of resolving the case in comparison to proceeding with discovery and the class certification phase.  (Gould Decl., ¶¶ 2-13).    Prior to the mediation, Defendant voluntarily disclosed data and other information required by Becerra-South to assess the settlement value of the case.  (Gould Decl., ¶¶ 2-13).  After several discussions after mediation, the Parties concluded that the settlement terms were acceptable and the benefits of settling outweighed the risks of further litigation.  (Gould Decl., ¶¶ 2-13).

### C.    COUNSEL FOR BOTH PARTIES ARE EXPERIENCED IN THIS TYPE OF LITIGATION

Mr. Michael Gould, Class Counsel, has been an attorney for over twenty-nine years and has practiced employment/labor law since 1995.  (Gould Decl., ¶ 15).  Mr. Gould has personally handled numerous cases in all aspects of employment and labor law, including but not limited to federal and state wage and hour cases, wrongful termination litigation, discrimination cases, administrative appeals involving wage and hour and other employment issues, countless arbitrations, and various other matters involving both traditional labor law (union/management law), and employment law issues in the non-union context.  (Gould Decl., ¶ 15).  Mr. Gould has tried many employment law cases to verdict.

- 12 -

(Gould Decl., ¶ 16).  Apple One retained a highly experienced law firm, who was extremely familiar with Apple One's business and legal issues relating thereto.

**D.    THE SETTLEMENT IS FAIR AND REASONABLE BASED ON THE STRENGTH OF PLAINTIFF'S CASE AND THE RISKS AND COSTS OF FURTHER LITIGATION**

The Parties hotly contest the relative risks in this case.  The final Settlement reflects a compromise in the Parties' respective views of that risk, with Plaintiff valuing the case significantly higher than Apple One. (Gould Decl., ¶¶ 22-23).  However, the Parties feel that the Settlement negotiated is a reasonable good faith exchange for a waiver of all claims contained in this case and comprehended within the release.

Plaintiff was faced with legal uncertainties, the risk of not obtaining class certification, not succeeding on the merits of the claims, and a risk of computing and proving damages. (Gould Decl., ¶¶ 22-23).  Becerra-South's biggest risk was Apple One's ERISA preemption defense, and if successful, Class Members would receive no financial recovery whatsoever.  (Gould Decl., ¶ 22).  Counsel on both sides have clearly perceived the risks and uncertainties associated with proceeding with litigation, and believe in good faith that the proposed resolution is a fair, reasonable and adequate compromise.  Courts recognize that even if "the relief afforded by the proposed settlement is substantially narrower than it would be if the suits were to be successfully litigated," negotiated settlements should be upheld because "the public interest may indeed be served by a voluntary settlement in which each side gives ground in the interest of avoiding litigation." *Air Line Stewards, etc., Loc. 550 v. American Airlines, Inc.* 455 F.2d 101, 109 (7th Cir. 1972).

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## V.    THE WAGE AND HOUR CLAIMS  CLASS SHOULD BE CONDITIONALLY CERTIFIED FOR SETTLEMENT PURPOSES

The parties request that the Court conditionally certify the following proposed Wage and Hour Claims Class for settlement purposes only:

> "All individuals formerly employed by Apple One in California who were paid hourly and who were beneficiaries of The Act 1 Group, Inc.'s VEBA Trust between May 16, 2014 to the date of preliminary approval."

In situations such as the present where settlement is reached prior to class certification, in addition to preliminarily approving the terms of the Settlement Agreement, "the court must assess the validity of the settlement class pursuant to Fed. R. Civ. P. 23(a) and (b)." *Browning v. Yahoo! Inc.*, 2006 U.S. Dist. LEXIS 34770 (N.D. Cal. 2006).  While Apple One disputes that Becerra-South can satisfy these requirements, the Parties agree that for purposes of settlement these requirements may be satisfied in this case, and therefore, the proposed Wage and Hour Claims Class should be conditionally certified.

### A.    THE STATE WAGE AND HOUR CLAIMS CLASS SATISFIES THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 23(A)

Pursuant to Rule 23(a), a class action is appropriate where:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the class or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

#### 1.    Rule 23(a)(1): The Numerosity Requirement is Satisfied

Rule 23(a) requires that the class be "so numerous that joinder of all members is impracticable."  FED. R. CIV. P. 23(a)(1).  "Courts have routinely found the numerosity requirement satisfied when the class comprises 40 or more members." *EEOC v. Kovacevich "5" Farms*, 2007 U.S. Dist. LEXIS 32330 at *57 (E.D. Cal. 2007); *see also Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 654 (C.D. Cal.

- 14 -

2000). The Ninth Circuit observed that classes with fewer than 70 members have been certified in numerous cases. *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1320 n. 10 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982). Here, the Class is composed of approximately 486 members. For purposes of settlement, AppleOne will not oppose a finding that the proposed class is sufficiently numerous to make joinder of all members impracticable.

### 2.    Rule 23(a)(2): Questions of Law and Fact are Common to the State Wage and Hour Claims Class

Rule 23(a) requires that "there are questions of law or fact common to the class." Fed. R. Civ. Proc. 23(a)(2). "All questions of fact and law need not be common to satisfy the rule." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). In order "for the commonality requirement to be met, there must only be one single issue common to the proposed class." *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 648 (C.D. Cal. 1996).

Here, Plaintiff alleges that many common questions of law and fact exist, including:

> (1) whether Apple One violated Labor Code Section 227.3 by failing to pay all accrued vacation wages;
>
> (2) whether Apple One violated Labor Code Sections 201 and 202 by failing to pay vacation wages due and owing at the time that any proposed Class Member's employment with Apple One was separated; and
>
> (3) whether Apple One violated Business and Professions Code Section 17200 *et seq.* by failing to provide statutory vacation wages to hourly employees.

### 3.    Rule 23(a)(3): The Claims of Plaintiff are Typical of the State Wage and Hour Claims Class

Rule 23(a) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3).

- 15 -

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

"Under the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Typicality "does not mean that the claims of the class representative must be identical or substantially identical to those of the absent class members." *Stanton v. Boeing, Inc.*, 327 F.3d 938, 957 (9th Cir. 2003).

Becerra-South, like every other Class Member, alleges she was not paid her accrued vacation wages at the time of separation, was subject to Apple One's vacation policy, and was a beneficiary of the Apple One's VEBA trust. As full time hourly employees, Becerra-South and the Class Members were subject to the same practices and policies of Apple One. Thus the claims of Becerra-South and the Class Members, arise from the same course of conduct by Defendant, involve the same facts, and are based on the same legal theories, satisfying the typicality requirement of Rule 23. Although Apple One disputes that Becerra-South has claims typical of the individuals she purports to represent, for purposes of this Settlement, Apple One does not oppose a finding of typicality.

### 4. The Class Representative Has Fairly and Adequately Protected the Interests of the State Wage and Hour Claims Class

Class representatives provide adequate representation of the interests of the class where: (a) their attorneys are competent and experienced in class litigation and generally able to conduct the proposed litigation; and (b) the class representatives do not have interests which are in conflict with the interests of the class. *White v. Local 942*, 688 F.2d 85 (9th Cir. 1982).

First, Becerra-South has retained competent counsel with extensive experience in class actions. Class Counsel is experienced and well-qualified to represent the proposed Settlement Class. (Gould Decl., ¶¶ 15-18). As stated

- 16 -

earlier, Mr. Gould has represented employees in numerous wage and hour lawsuits brought as class actions. Class Counsel has ample resources, experience, and expertise to draw upon in representing the class in this action.

Second, Becerra-South is well aware of her duties as class representative and has actively participated in the prosecution of this case to date. (Becerra-South Decl., ¶ 8). Furthermore, there is no antagonism between the interests of Plaintiff and those of the Class Members. Both Plaintiff and the Class Members seek monetary relief under the same set of facts and legal theories. (Becerra-South Decl., ¶ 4). Under such circumstances, there can be no conflicts of interest, and adequacy of representation is presumed. *See In re Wirebound Boxes Antitrust Lit.*, 128 F.R.D. 268 (D. Minn. 1989). While Apple One disputes that Becerra-South is an adequate class representative, Apple One does not oppose such a finding for purposes of this Settlement.

## B. THE PREREQUISITES OF RULE 23(B) ARE ALSO SATISFIED

As the Ninth Circuit holds:

> To qualify for certification under [Rule 23(b)(3)], a class must satisfy two conditions in addition to the Rule 23(a) prerequisites: common questions must "predominate over any questions affecting only individual members," and class resolution must be "superior to other available methods for the fair and efficient adjudication of the controversy."

*Hanlon*, 150 F.3d at 1022 (quoting FED. R. CIV. P. 23(b)(3)). Here, as discussed below, the requirements of Rule 23(b)(3) are satisfied.

### 1. The Predominance Requirement is Met

Rule 23(b)(3) provides that a class may be maintained if "the court finds that the questions of law and fact common to the members of the class predominate over any questions affecting only individual members." Common issues of fact and law "predominate" where they have "a direct impact on every class member's

- 17 -

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

entitlement to injunctive and monetary relief." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004). The "fundamental" question is whether the claim asserted seeks a remedy to a "common legal grievance." *Lockwood Motors Inc. v. General Motors Corp.*, 162 F.R.D. 569, 580 (D. Minn. 1995).

Here, the adjudication of the common issues surrounding Apple One's employment practices and policies, as well as the payment of wages, could establish Apple One's liability on a class-wide basis. Becerra-South contends that Apple One's practices were uniform including a uniform written vacation policy and uniform VEBA Trust documents applicable to all Class Members, leaving only the question of whether Apple One's practices violated the applicable law. Common legal issues further predominate because state wage and hour laws apply to all legal issues raised by the claims of each of the Class Members. Although an individual Class Member and Becerra-South may have different amounts of accrued vacation, this is only a damage issue. *See Smilow v. Southwestern Bell Mobile Sys., Inc.*, 323 F.2d 32, 40 (1st Cir. 2003). Apple One does not oppose a finding of predominance for purposes of this Settlement.

### 2. The Superiority Requirement is Met

To certify a class, the Court must also determine "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). "Where classwide litigation of common issues will reduce litigation costs and promote greater efficiency, a class action may be superior to other methods of litigation." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996); *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 2007 U.S. Dist. LEXIS 77525 at *33 (N.D. Cal. 2007).

In the present case, permitting this action to proceed as a class action would be superior to the alternative, which would be individual suits by the Class

- 18 -

Members against Apple One.  There are currently no other actions pending against Apple One arising from the same controversy, and the lack of such other actions serves to favor class certification.  *See Dirks v. Clayton Brokerage Co. of St. Louis, Inc.*, 105 F.R.D. 125, 136 (D. Minn. 1985).  Given the current posture of the case and the Settlement Agreement, class-wide litigation in this instance will serve to reduce future litigation costs and promote greater efficiency in resolving the claims at issue.  For purposes of this Settlement only, Apple One does not dispute that the superiority requirement may be satisfied.

### C.   THE PROPOSED METHOD OF CLASS NOTICE IS APPROPRIATE

To protect the rights of absent class members, the notice provided to members of a class certified under Rule 23(b)(3) must be the "best notice that is practicable under the circumstances."  Fed. R. Civ. P. 23(c)(2)(B); *see also Phillips Petroleum Co. v. Shutts* 472 U.S. 797, 811-12 (1985); *Eisen v. Carlisle & Jacquelin* 417 U.S. 156, 174-76 (1974) (individual notice must be sent to all class members who can be identified through reasonable efforts); *Mullane v. Central Hanover Bank & Trust Co.* 339 U.S. 306, 314 (1950) (best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested Parties of the pendency of the action and afford them an opportunity to present their objections").  The content and method of the notice should be designed to apprise the class members of the terms of the proposed settlement and of the class members' rights regarding the settlement.  *See Mullane*, 339 U.S. at 314; *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.* 323 F.Supp. 364, 378 (E.D. Pa. 1970).

Notice is satisfactory "if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come

- 19 -

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

forward and be heard." *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004) (internal citations omitted).  Moreover, notice that is mailed to each member of a settlement class "who can be identified through reasonable effort" constitutes reasonable notice.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974); *see also White v. Nat'l Football League*, 41 F.3d 402, 408 (8th Cir. 1994), abrogated on other grounds, *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 618-620 (1997).  For any class certified under Rule 23(b)(3), the notice must inform class members "that the court will exclude from the class any member who requests exclusion."  FED. R. CIV. P. 23(c)(2)(B).  Pursuant to Rule 23(e), the "court must direct notice in a reasonable manner to all class members who would be bound by the proposal."  FED. R. CIV. P. 23(e)(1).

Here, the Parties have agreed upon procedures by which the Class Members will be provided with written notice of the Settlement Agreement similar to that approved and utilized in hundreds of class action settlements.  The Parties have jointly drafted a Class Notice and request the Court's approval to send the proposed Notice, or one substantially in the same form, to the Class Members.

The Notice is accurate and informative.  The Notice will be mailed to the last known address of all Class Members.  This procedure will satisfy due process standards by including:  (1) the nature of this action, the scope of the Class, Class Counsel, and the essential terms of the Settlement; (2) the manner in which each Class Member's Individual Settlement Payment will be calculated; (3) the requests for a Class Representative Enhancement Award and the Class Counsel Award; (4) how to participate in the Settlement; (5) how to opt-out of the Settlement; (6) how to object to the Settlement; (7) this Court's procedures for final approval of the Settlement; and (8) how to obtain additional information regarding this action and the Settlement.  The Notice is written in plain English and is organized and

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

formatted so as to be as clear as possible.  It further encourages Class Members to contact Class Counsel with any questions.

Pursuant to the terms of the Settlement Agreement, the Parties have agreed that the Claims Administrator will send the Notice via U.S. Mail to the last known address of each of the Class Members.  The Notice is designed to meaningfully reach the largest possible number of Class Members.  As such, it complies fully with applicable case law that the notice given should have a reasonable chance of reaching a substantial percentage of the class.

The Notice states that any member of the class may choose not to participate in the Settlement, and that any such person who chooses to opt-out of the Settlement (1) will not be entitled to receive any monetary relief under the Settlement; (2) will not be considered to have released any potential claims against Defendant; and (3) will have no right to challenge the Settlement or participate in the final approval hearing.  The Notice also discloses the date by which the written opt-out notification must be postmarked.

The Notice further provides that any Class Member who has not opted out of the Settlement may file written objections to the Settlement and may attend the hearing to make any objections.  The Notice provides the procedures by which an objecting party must give notice to the Court and counsel of its objections.

//

//

//

//

//

- 21 -

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

1

## VI.    <u>CONCLUSION</u>

Based on the foregoing, the Parties respectfully submit that the terms of the

Settlement are fair, adequate and reasonable, and that settlement is in the best

interests of the Becerra-South and the Settlement Class.


Dated:    September 11, 2020          GOULD AND ASSOCIATES


By:    <u>/s/ Michael A. Gould</u>
Michael A. Gould
Aarin A. Zeif

Attorneys for Plaintiff

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**