Michael A. Gould, Esq.  (SBN 151851)
Michael@wageandhourlaw.com
Aarin A. Zeif (SBN 247088)
Aarin@wageandhourlaw.com
GOULD & ASSOCIATES
A Professional Law Corporation
17822 E 17th Street, Suite 106
Tustin, California 92780
Telephone:  (714) 669-2850
Facsimile:  (714) 544-0800

Attorneys for Plaintiff
April Becerra-South

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL BECERRA-SOUTH, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC./APPLE ONE SERVICES, LTD., and DOES 1 through 25,<br><br>Defendants. | CASE NO.:2:18-cv-08348 CJC (FFMx)<br><br>Assigned To: Hon. Cormac J. Carney<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**<br><br>**DATE: January 25, 2021**<br>**TIME: 1:30 P.M.**<br>**COURTROOM: 9B**<br><br>Case Filed: May 16, 2018 |

- i -

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 25, 2021, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Cormac J. Carney in the United States District Court for the Central District of California, Plaintiff April Becerra-South will move, and hereby does move, for an order finally approving the class action settlement reached between the parties.

Plaintiff's motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the Declaration of Michael Gould and all attachments thereto (including the Settlement Agreement itself); the Declaration of Plaintiff Becerra-South, the Declaration of Settlement Administrator CPT Group., Inc., the [Proposed] Order/Judgment Granting Motion for Final Approval of Class Action Settlement; and all other papers filed and proceedings had in this action.

Dated:  December 28, 2020

GOULD AND ASSOCIATES

By:  /s/ Michael A. Gould
Michael A. Gould
Aarin A. Zeif

Attorneys for Plaintiff

---

- ii -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

# TABLE OF CONTENTS

Page(s)

I.   INTRODUCTION                                              1

II.  FACTUAL AND PROCEDURAL BACKGROUND                        1

III. TERMS OF THE PROPOSED SETTLEMENT                         9

IV.  THE SETTLEMENT MERITS FINAL APPROVAL                    12

     A.   PLAINTIFF AND PLAINTIFF'S COUNSEL HAVE
          ADEQUATELY REPRESENTED THE CLASS                   12

     B.   CLASS COUNSEL NEGOTIATED THE
          SETTLEMENT AT ARM'S LENGTH                         13

     C.   THE RELIEF PROVIDED TO THE CLASS IS
          SUBSTANTIAL                                        14

     D.   CONTINUED LITIGATION WOULD ENTAIL
          SUBSTANTIAL COST, RISK, AND DELAY                  16

     E.   THE SETTLEMENT ESTABLISHES A METHOD
          TO DISTRIBUTE SETTLEMENT PROCEEDS
          EFFECTIVELY TO THE CLASS MEMBERS                   17

     F.   THE TERMS OF THE REQUESTED AWARD OF
          ATTORNEYS' FEES AND COSTS, INCLUDING
          THE TIMING OF PAYMENT, ALSO SUPPORT
          FINAL SETTLEMENT APPROVAL                          18

     G.   THE PARTIES HAVE NO OTHER AGREEMENTS
          PERTAINING TO THE SETTLEMENT                       18

     H.   THE SETTLEMENT TREATS ALL CLASS
          MEMBERS EQUITABLY

     I.   CLASS MEMBERS' RESPONSE TO THE
          SETTLEMENT HAS BEEN POSITIVE                       19

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF**

J.   THE PROPOSED PAGA PAYMENT IS APPROPRIATE ........................ 19

V.   CONCLUSION ........................ 21

- iv -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF**

# TABLE OF CONTENTS

Page(s)

**Cases**

*Air Line Stewards, etc., Loc. 550 v. American Airlines, Inc.*
 455 F.2d 101 (7th Cir. 1972) ........................... 17

*AT&T Mobility LLC v. Concepcion*
 131 S.Ct. 1740 (2011) ........................... 2

*Deaver v. Compass Bank*,
 2015 WL 8526982 (N.D. Cal. 2015) ........................... 20

*Gentry v. Superior Court*,
 42 Cal.4th 443 (2007) ........................... 9, 15

*G.F. v. Contra Costa County*,
 2015 WL 4606078 (N.D. Cal. 2015) ........................... 14

*Linney v. Cellular Ala. P'ship*,
 151 F.3d 1234 (9th Cir. 1998) ........................... 16

*O'Connor v. Uber Techs., Inc.*,
 201 F. Supp. 3d 1110 (N.D. Cal. 2016) ........................... 19

*Singh v. Roadrunner Intermodal Servs., LLC*
 2019 WL 316814 (E.D. Cal. 2019) ........................... 20

*Suastez v. Plastic Dress-Up Co.*,
 31 Cal. 3d 774 (1982) ........................... 2-3

*Van Kempen v. Matheson Tri-Gas, Inc.*
 2017 WL 360787 (N.D. Cal. 2017) ........................... 20

*Villegas v. J.P. Morgan Chase & Co.*
 2012 WL 5878390 (N.D. Cal. 2012) ........................... 16

*Volkswagen 'Clean Diesel' Mktg., Sales Practices, and Product Liab.
 Litig.* 895 F.3d 597 (9th Cir. 2018) ........................... 12, 16

- v -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF**

**Statutes**

ERISA                                                                                    *passim*

FRCP. 23                                                                                 *passim*

*California Business and Professions Code* § 17200                    3

*California Labor Code* § 203                                                   3

*California Labor Code* § 227.3                                            *passim*

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

On October 5, 2020, this Court granted preliminary approval to the $600,000 class action settlement between Plaintiff April Becerra-South ("Becerra-South") and Defendant Howroyd-Wright Employment Agency, Inc. ("AppleOne"). Pursuant to the Court's Order, the claims administrator sent out notice to each Class Member, informing them of the settlement and of their options to participate in, opt out of, or object to the settlement. The Class Member response has been positive. As of the date of the filing of this brief, no Class Members have opted out of the proposed settlement and no Class Members have filed objections.

Because the $600,000 settlement is a fair, adequate, and reasonable result for the class— especially in light of the risks that Becerra-South faced here in demonstrating liability and class certification—Becerra-South respectfully requests that the Court grant final approval of the proposed settlement.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

AppleOne is a nationwide staffing agency. (Gould Decl., ¶ 2). AppleOne places employees at various client locations. (Gould Decl., ¶ 2). Becerra-South worked for AppleOne as an hourly paid full-time worker from May 2016 to April 2017. (Gould Decl., ¶ 2). During Becerra-South's employment at AppleOne, she accrued vacation wages pursuant to AppleOne's written vacation policy. (Gould Decl., ¶ 2). In April 2017, Becerra-South's employment with AppleOne was separated. (Gould Decl., ¶ 2). However, upon separation from employment at AppleOne, Becerra-South did not receive her accrued vacation benefits. (Gould Decl., ¶ 2).

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Initially this action commenced as a binding arbitration. (Gould Decl., ¶ 3). In October 2017, Becerra-South filed an individual arbitration with JAMS for unpaid vacation wages and other wage and hour violations because she signed an arbitration agreement. (Gould Decl., ¶ 3). Shortly after filing the individual arbitration, Becerra-South came to learn that AppleOne maintained a Voluntary Employees Beneficiary Association Plan ("VEBA") trust that applied to all hourly workers and that it claimed that it need not pay accrued, unused vacation wages because state vacation laws were preempted. (Gould Decl., ¶ 3). After much legal research regarding the complex rules of VEBA trusts, preemption, and California State vacation laws, Becerra-South believed that AppleOne's VEBA trust was not properly maintained and that she could prevail on her vacation claims, not only on her behalf but on behalf of others. (Gould Decl., ¶ 3). Legal research indicated that California law requires employers to pay unused accrued vacation upon separation from employment. See *Suastez* v. *Plastic Dress-Up Co.,* 31 Cal. 3d 774, 779 (1982); See *California Labor Code* § 227.3. While employers may avoid this state law obligation by properly creating a VEBA trust, Becerra-South believes AppleOne's purported VEBA trust, including plan administration, does not comply with ERISA's requirements, and consequently, preemption does not apply and earned vacation wages should have been paid to Becerra-South and hourly workers. (Gould Decl., ¶ 3).

However, there was a considerable obstacle for Becerra-South in bringing claims on behalf of all hourly workers--the arbitration agreement signed by Becerra-South contained a class action waiver, which typically are found to be valid and enforceable in prohibiting employees from bringing class claims. See *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011). (Gould Decl., ¶ 4). However, after much clever legal maneuvering, Class Counsel was able to stop

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

enforcement of the arbitration agreement and class action waiver signed by the parties, and proceed with an action in Court--which permitted Becerra-South to seek unpaid accrued vacation wages for all hourly workers employed during the class period, and not just individually. (Gould Decl., ¶ 4). Without this pivotal maneuvering, there would have never been a class action settlement on behalf of hourly workers (because the arbitration agreement contained a class action waiver), ultimately providing monetary relief to hourly workers through the proposed settlement. (Gould Decl., ¶ 4).

On May 16, 2018, Becerra-South filed this action in State Superior Court against AppleOne for various wage and hour violations. (Gould Decl., ¶ 5). In September 2018, AppleOne removed the action to Federal District Court, Central District based upon the affirmative defense that California State vacation laws were preempted by the Employee Retirement Income Security Act ("ERISA"). (Gould Decl., ¶ 5). In October 2018, AppleOne filed a Motion to Dismiss. (Gould Decl., ¶ 5). Thereafter, Becerra-South filed a First Amended Complaint ("FAC") clarifying her allegations. The First Amended Complaint alleges: (1) failure to pay vacation (*California Labor Code* § 227.3); (2) unfair business practices (*California Business and Professions Code* § 17200 et seq.); (3) failure to pay all wages at termination (*California Labor Code* § 203); (4) failure to provide proper and accurate paycheck stubs (*California Labor Code* § 226); and (5) penalties pursuant to the Private Attorneys General Act ("PAGA"). AppleOne denies the allegations in the First Amended Complaint. (Gould Decl., ¶ 5).

Becerra-South's claims are based upon AppleOne's failure to pay all accrued unused vacation wages at the time of termination. California Law requires employers to pay unused accrued vacation upon separation from employment. See *Suastez* v. *Plastic Dress-Up Co., 31* Cal. 3d 774, 779 (1982); See *California Labor*

- 3 -

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

*Code* § 227.3.  Employers may avoid this state law obligation by properly creating a VEBA trust.  (Gould Decl., ¶ 6).    AppleOne claims to have properly created a VEBA trust under ERISA, which preempts California law.  However, Becerra-South believes AppleOne's purported VEBA trust, including plan administration, did not comply with ERISA's very strict requirements and preemption did not apply in this case. (Gould Decl., ¶ 6).    AppleOne believes that VEBA trust is appropriate and complies with ERISA, thus preempting California State law.  In January 2019, AppleOne filed its Answer.

Every step of ligation in this action has been a hard-fought battle.  For example, it took Becerra-South's preparation of a Motion to Compel and a forty (40) page Joint Stipulation of Parties (only Becerra-South's portion) in order to obtain simple discovery responses and responsive documents from AppleOne. (Gould Decl., ¶ 7).    In February 2019, Becerra-South served her initial discovery requests.  (Gould Decl., ¶ 7).  Becerra-South sought her employment file, the names and addresses of Class Members, AppleOne's bank records, tax returns, VEBA-trust documents and related documents, and policies and practices regarding vacation pay. (Gould Decl., ¶ 7).  In March 2019, AppleOne served its responses and produced various documents. (Gould Decl., ¶ 7).  AppleOne also objected to many of the requests and refused to produce many documents to which Becerra-South believed she was entitled to obtain.  The parties met and conferred extensively for several months regarding AppleOne's discovery responses. (Gould Decl., ¶ 7).  In August 2019, Becerra-South prepared and forwarded to Counsel for AppleOne her forty (40) page portion of a Joint Stipulation of Parties Pursuant to Local Rule 37-2 in Support of a Motion to Compel Documents and Special Interrogatories. (Gould Decl., ¶ 7).  Thereafter, the parties continued to meet and confer regarding the discovery dispute.  In the end, Class Counsel was able to

- 4 -

convince AppleOne to produce key documents needed in this case and it ultimately agreed to supplement some of its responses and produce further responsive key documents without the necessity of filing the Motion to Compel with the Court. (Gould Decl., ¶ 7).

In September 2019, AppleOne produced thousands of documents, including bank records, tax returns, written polices, and the number of Class Members. (Gould Decl., ¶ 8). Class Counsel also conducted further legal research into AppleOne's asserted ERISA preemption of state vacation wage laws. (Gould Decl., ¶ 8). In order to properly evaluate the claims and defenses in this action, Class Counsel had to become an expert on ERISA, despite not practicing ERISA litigation. (Gould Decl., ¶ 8). One of the issues in this matter related to whether the VEBA trust contributions were actuarially determined or otherwise bear a relationship to the plan's accruing liability. See DOL Advisory Opinion No. 2004-08A and 2004-10A. Class Counsel spent a great deal of time reviewing and analyzing the bank records and tax returns produced by AppleOne. (Gould Decl., ¶ 8). AppleOne maintained various bank accounts in relation to the VEBA trust, often transferring money back and forth, using a "sweep account." (Gould Decl., ¶ 8). It took Class Counsel many, many hours studying the transfers of the several years' worth of bank records in order to determine whether AppleOne's funding mechanism for the VEBA trust was not actuarially determined and therefore an illegal payroll practice thereby denying it preemption protection. (Gould Decl., ¶ 8). Moreover, AppleOne maintained that it always paid vacation wages to its employees through a separate VEBA trust bank account and that the trust was never underfunded. (Gould Decl., ¶ 8). Class Counsel conducted much legal research and review/analysis of AppleOne's bank records in order to overcome these tough arguments. (Gould Decl., ¶ 8).

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

During the next several months, in an effort to attempt to resolve the matter without protracted litigation, the parties discussed possible resolution of the matter.  However, the parties could not come to a resolution at this time. (Gould Decl., ¶ 9).

In April 2020, Becerra-South took the deposition of Michael Hoyal ("Hoyal"), AppleOne's designated PMQ.  (Gould Decl., ¶ 9).  After the deposition, Becerra-South served her second set of discovery requests seeking information and documents identified during Mr. Hoyal's deposition.  (Gould Decl., ¶ 9).

In May 2020, Class Counsel prepared and filed her Motion for Class Certification with the Court.  The Motion for Class Certification was supported by documents produced by AppleOne and supported by deposition testimony of Mr. Hoyal. (Gould Decl., ¶ 10).   Shortly after the filing of the Motion, the parties agreed to attend mediation with Hon. Carl J. West (Ret.).  (Gould Decl., ¶ 10).  The parties agreed to postpone further briefing relating to Becerra-South's Class Certification Motion until after mediation. (Gould Decl., ¶ 10).

In preparation for mediation, AppleOne disclosed information on an informal basis permitting Class Counsel to calculate damages on a class wide basis and further evaluate Becerra-South's claims and AppleOne's ERISA preemption defense.  (Gould Decl., ¶ 11).  AppleOne provided: the amount of unpaid vacation wages at the time of separation for Class Members, the average rate of pay, and further documentation regarding the VEBA trust including additional bank statements and invoices.  (Gould Decl., ¶ 11).

For purposes of mediation, Becerra-South also retained an ERISA consultant. (Gould Decl., ¶ 11).   The expert reviewed AppleOne's VEBA trust documents, plan documents, tax returns, and certain deposition testimony. In advance of the mediation, Class Counsel had lengthy conference calls with the

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

consultant to discuss his findings, the several years of bank statements produced by
AppleOne, AppleOne's tax returns, AppleOne's VEBA trust documents, and other
documents relevant to this matter. (Gould Decl., ¶ 11).   The consultant and Class
Counsel further discussed the several theories of liability in this case, including
arguments that AppleOne's VEBA trust did not meet the complex requirements of
ERISA, thereby denying it preemption. (Gould Decl., ¶ 11).   Class Counsel also
calculated damages on a class wide basis, evaluated the risks inherent in seeking
class certification, evaluated liability, and performed further legal research
regarding the complicated ERISA issue.  (Gould Decl., ¶ 11).

On May 22, 2020, the parties attended a full day mediation with Hon. Carl J.
West (Ret.). (Gould Decl., ¶ 12).   The mediation involved substantial discussions
and negotiations regarding the likelihood of class certification as well as the merits
of the underlying claims and AppleOne's ERISA defense. (Gould Decl., ¶ 12).  At
the conclusion of the day, unfortunately, the parties were not able to resolve the
case.   (Gould Decl., ¶ 12).

After mediation, the parties agreed to file cross Motions for Summary
Judgment/Partial Summary Judgment and discussed a briefing schedule in
conjunction with the pending Class Certification Motion. (Gould Decl., ¶ 13).
Class Counsel began preparing Becerra-South's Motion for Summary
Judgment/Partial Summary Judgment.  While a draft of this Motion was
substantially prepared, it was never filed with the Court due to the settlement
subsequently obtained (see below). (Gould Decl., ¶ 13).   In June 2020, my office
also served Becerra-South's third set of discovery requests.   (Gould Decl., ¶ 13).

During the weeks following the mediation, AppleOne disclosed additional
documentation to Class Counsel on an informal basis. (Gould Decl., ¶ 14).  Class
Counsel reviewed and analyzed the additional information provided by

- 7 -

AppleOne. (Gould Decl., ¶ 14).   The parties further engaged in several telephonic calls discussing the damages, Becerra-South's claims, and AppleOne's ERISA preemption defense in an effort to resolve the matter.   (Gould Decl., ¶ 14).

In June 2020, after much formal and informal discovery, discovery disputes requiring Becerra-South's preparation of a discovery motion, a Class Certification Motion pending, and preparation of drafts of cross Motions for Summary Judgment/Partial Summary Judgment, to be imminently filed, the parties ultimately agreed to resolve the matter on a class wide and representative basis for the total sum of $600,000. (Gould Decl., ¶ 15).   Detailed terms of the settlement, which are discussed more fully below, were subsequently refined and memorialized by the parties in the Joint Stipulation of Class Action Settlement. (Gould Decl., ¶ 15; Exhibit No. 2).  This is an "all in" settlement, meaning none of the Total Settlement Amount will revert back to AppleOne. (Gould Decl., ¶ 15). The parties' agreement is the result of good faith, arm's length negotiations and was reached after aggressive, extensive litigation and with the assistance of a qualified and experienced mediator/retired judge.  (Gould Decl., ¶ 15).

In sum, this is a great settlement for the Class Members—as they will receive close to full value of their accrued, yet unpaid vacation wages.  (Gould Decl., ¶ 16).  The claims raised in this action constitute obscure, complicated issues few employment lawyers in the state would have brought and/or argued-- much less obtained such a fantastic result—all in the face of a class action waiver, which could have left no recovery whatsoever for Class Members. (Gould Decl., ¶ 16).  Class Members' vacation claims have very little individual damage value making it highly unlikely for employment lawyers to bring such claims--especially in light of AppleOne's purported VEBA trust—further supporting the value of the class action settlement obtained herein and final approval of the settlement.  (See

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

*Gentry v. Superior Court,* 42 Cal.4th 443, 454 (2007), *rev'd on other grounds*, stating that when damages sought by plaintiffs are small, the class action device is often the only effective way to hold defendants accountable).

## III.    TERMS OF THE PROPOSED SETTLEMENT

**Settlement Class.** The Settlement defines the Settlement Class as "all individuals formerly employed by Defendant in California who were paid hourly and who were beneficiaries of The Act 1 Group, Inc.'s VEBA Trust between May 16, 2014 to October 5, 2020." (Gould Decl., ¶ 15, Exhibit No. 2, Settlement Agreement ("SA"), ¶ 7).

**Benefits to the Settlement Class.** All Settlement Class Members are eligible to receive cash awards from the Net Settlement Fund, calculated as described below.  This is an "all in" settlement, meaning none of the Total Settlement Amount will revert back to AppleOne.  (Gould Decl., ¶ 15). Any checks issued by the Claims Administrator to Class Members will be negotiable for 180 calendar days. (Gould Decl., ¶ 15; Exhibit No. 2, SA, ¶ 54). Any checks uncashed after 180 calendar days from issuance shall be void and, together with any settlement sums for Class Members whose Settlement Payment is returned as undeliverable shall constitute the Uncashed Residual ("Uncashed Residual"). (Gould Decl., ¶ 15; Exhibit No. 2, SA, ¶ 54).  The parties have agreed and shall request the Court to direct the Uncashed Residual to be distributed to the California Bar Justice Gap Fund. (Gould Decl., ¶¶ 15 and 28; Exhibit No. 2, SA, ¶ 54).

**Calculation of Benefits.** Individual Settlement Payments will be calculated and apportioned from the Net Settlement Amount based on the Class Member's last rate of pay and total amount of hours of accrued yet unused vacation benefits. (See Gould Decl. 15, Ex. No. 2, SA, ¶ 44).   The Net Settlement Amount, is the

- 9 -

portion of the Total Settlement Amount to be distributed to Class Members pursuant to the Settlement Agreement, after deducting payments for approved Class Counsel's attorney's fees, approved Class Counsel's costs ($15,000), the approved Class Representative Enhancement Award, the approved Claims Administration Costs, and the approved LWDA Payment.

**PAGA Penalties.** Becerra-South alleges claims for PAGA penalties. In the Settlement, the parties agreed to allocate $10,000 of the Settlement Amount, for PAGA penalties, subject to Court approval. (Gould Decl., ¶ 15; Exhibit No. 2, SA, ¶¶ 40 and 42).  Pursuant to PAGA, 75% of this amount ($7,500) shall be paid to the LWDA and the remaining 25% ($2,500) will remain in the Net Settlement Fund to be distributed to the Settlement Class Members.   The parties submitted the proposed settlement to the LWDA concurrently with the filing of both the preliminary approval motion and the final approval motion. (Gould Decl., ¶ 26). Since submitting the Settlement, the parties have not heard any response from the LWDA.  (Gould Decl., ¶ 26).

**Incentive Awards.** Becerra-South respectfully requests a Class Representative incentive award in the amount of $5,000 for the time and effort she spent in bringing this case and for her willingness to come forward to litigate against AppleOne.

**Attorneys' Fees.** Becerra-South respectfully requests attorneys' fees in the amount of $180,000, representing 30% of the common fund obtained for the class, plus litigation costs of $12,818.21. (Gould Decl., ¶ 39; Exhibit No. 5).  For the reasons stated in Plaintiff's Motion for Attorneys' Fees, Costs, and Service Award, filed concurrently herewith, Becerra-South believes the requested fee is appropriate under both the percentage-of-the-fund and the lodestar-multiplier methods of determining reasonable fees used in the Ninth Circuit.

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**Class Notice.** In accordance with the Court's preliminary approval Order, AppleOne provided the Settlement Administrator the Class Member's full name, most recent mailing address, Social Security number, last rate of pay, and the total amount of hours of accrued yet unused vacation benefits during the Class Period for all Settlement Class Members. (CPT Decl.). CPT processed the names and addresses through the National Change of Address Database ("NCOA") to update any addresses on file with the United States Postal Service. (CPT Decl.) CPT mailed notice to all Class Members via U.S. Mail. (CPT Decl.).

Class Members had thirty (30) days, commencing on the date the Notice Packets were mailed by CPT to either object or opt-out of the Settlement. Class Members that wanted to participate in the Settlement did not need to do anything.

**Objection and Opt-Out Procedures.** Any Class Member may opt out of the Settlement by sending a written request to CPT within 30 days of the mailing of the Notice. Similarly, any Class Member may object to the Settlement within 30 days of the Notice mailing date. To date, No Class Members have objected to the Settlement and no class members have opted out. (CPT Decl.).

**Release of Claims.** The Settlement releases Becerra-South's and Class Members' claims that were brought by Plaintiff or that reasonably arise out of the facts alleged in the operative complaint. (Gould Decl., ¶ 15; Exhibit No. 2, SA, ¶ 60).

**Settlement Administration.** At preliminary approval, the Court appointed CPT as the Settlement Administrator. CPT is an experienced class action administrator. CPT's fees will be paid out of the Settlement. CPT estimates that its fees will be $10,500. (CPT Decl.).

## IV.    THE SETTLEMENT MERITS FINAL APPROVAL

The recently revised Rule 23 provides a checklist of factors to consider at final approval when assessing whether a proposed settlement is fair, reasonable, and adequate. *See* FRCP. 23(e)(2). Previously, the Ninth Circuit had developed its own list of factors to be considered; the revised Rule 23, however, "directs the parties to present [their] settlement . . . in terms of a shorter list of core concerns." FRCP 23(e)(2), Advisory Committee Notes. Becerra South analyzes each of the Rule 23(e)(2) factors below, bearing in mind the Ninth Circuit's admonition that the key "underlying question remains this: Is the settlement fair?" *In re Volkswagen 'Clean Diesel' Mktg., Sales Practices, and Product Liab. Litig.,* 895 F.3d 597, 611 (9th Cir. 2018); *accord* Fed. R. Civ. P. 23(e)(2), 2018 Advisory Committee Notes. These factors each weigh in favor of approval here.

### A.    PLAINTIFF AND PLAINTIFF'S COUNSEL HAVE ADEQUATELY REPRESENTED THE CLASS

Under Rule 23(e)(2)(A), the Court should consider whether the class representative and class counsel have adequately represented the class. Plaintiff Becerra-South has been actively involved in this litigation since it began. (Gould Decl.,¶ 40; Becerra-South Decl., ¶¶ 5-8).  Becerra-South assisted with the investigation of the case before filing, provided information during the drafting of the complaint, Class Certification Motion, potential Motion for Summary Judgment/Partial Summary Judgment, assisted in drafting discovery and responding to discovery requests, and provided feedback during the mediation and negotiation process and on the settlement following mediation. Becerra-South has remained in contact with counsel, stayed apprised of the litigation, and made decisions with the best interests of the Class Members in mind.  (Gould Decl.,¶ 40; Becerra-South Decl., ¶¶ 5-8).

- 12 -

Class Counsel have also adequately represented the Class. They have vigorously prosecuted this case since its inception over three (3) years ago. (Gould Decl., ¶¶ 2-16). Class Counsel have initiated an arbitration relating to this action, prepared multiples sets of written discovery, responded to discovery, taken a deposition, prepared and filed a Class Certification Motion, prepared a forty (40) page draft of a Motion to Compel, prepared a draft of a potential Motion for Summary Judgment/Partial Summary Judgment, retained a consultant to discuss and analyze the documents and legal issues in this case, and participated in a mediation. (Gould Decl., ¶¶ 2-16). Class Counsel have also reviewed and analyzed substantial documents and information regarding the strength of Plaintiff's claims and AppleOne's defenses, including reviewing a plethora of AppleOne's bank statements, tax returns, and VEBA Trust Documents. (Gould Decl., ¶¶ 2-16). Class Counsel also prepared damages calculations in preparation for mediation. Class Counsel has three decades of experience litigating employment class actions. (Gould Decl., ¶¶ 17-20). Having successfully litigated many wage-and-hour class cases and tried may individual wage and hour cases, Class Counsel have brought that experience and knowledge to bear on behalf of the Class. (Gould Decl., ¶¶ 17-20).

**B.   CLASS COUNSEL NEGOTIATED THE SETTLEMENT AT ARM'S LENGTH**

Under Rule 23(e)(2)'s second factor, the Settlement was negotiated at arm's length. FRCP (e)(2)(B). Plaintiff's Counsel conducted lengthy negotiations assisted by experienced employment class action mediator Hon. Carl J. West (Ret.). —including an all-day mediation session as well as follow-up settlement negotiations that included further discussions with Hon. Carl. J. West. (Gould Decl., ¶ 12-15); *see also* FRCP 23(e)(2)(B), Advisory Committee Notes ("the

- 13 -

involvement of a neutral or court-affiliated mediator or facilitator in those negotiations may bear on whether they were conducted in a manner that would protect and further the class interest"); *G.F. v. Contra Costa County*, 2015 WL 4606078 (N.D. Cal. 2015) (use of an experienced mediator "confirms that the settlement is non-collusive").

Moreover, prior to resolution of the matter, both parties conducted sufficient research into their claims and defenses in order to appropriately evaluate the strengths and weaknesses of their respective cases. (Gould Decl., ¶¶ 2-16; 21-25). Prior to resolution of this matter, both parties carefully weighed the risks and benefits of resolving the case in comparison to proceeding with discovery and the class certification phase. (Gould Decl., ¶¶ 2-16; 21-25).    Prior to the mediation, the parties had engaged in much formal discovery, including deposition testimony and several rounds of written discovery.  AppleOne also voluntarily disclosed data and other information required by Becerra-South to assess the settlement value of the case.  (Gould Decl., ¶ 11).  Although not settled at mediation, this matter was settled shortly thereafter with the assistance of experienced mediator, Hon. Carl J. West (Ret.).  (Gould Decl., ¶¶ 12-15).  Indeed, this matter was resolved while a Class Certification Motion was pending and the parties were preparing cross motions for Summary Judgment/Partial Summary Judgment. (Gould Decl., ¶¶ 10-15).

In addition, Class Counsel are experienced employment class action attorneys well-versed in the substantive law, class action litigation practice, and the legal and factual issues of this particular case. (Gould Decl., ¶¶ 17-20). Moreover, after the parties came to an agreement in principle, they thoroughly negotiated the details to achieve their proposed Settlement Agreement.

- 14 -

## C.    THE RELIEF PROVIDED TO THE CLASS IS SUBSTANTIAL

Rule 23's third factor for courts to consider is whether "the relief provided for the class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class- member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." FRCP 23(e)(2)(C). The "central concern" is relief to Class Members. FRCP 23(e)(2)(C), Advisory Committee Notes.

The Settlement provides substantial benefits to Class Members. Despite the challenges that Becerra-South faced in challenging certifying a class, and proving the merits of her claims, the Settlement commits AppleOne to paying $600,000 to settle this action. (Gould Decl., ¶¶ 12-15). The Settlement Fund will be distributed to Class Members based upon an apportionment from the Net Settlement Amount based on the Class Member's last rate of pay and total amount of hours of accrued yet unused vacation benefits. In no event will any settlement funds revert to AppleOne. (Gould Decl., ¶ 15). The Settlement allows Class Members to avoid the substantial risks and delay inherent in continued litigation and instead to receive settlement payments promptly. Class Members' vacation claims have very little individual damage value making it highly unlikely for employment lawyers to bring such claims--especially in light of AppleOne's purported VEBA trust. (See *Gentry v. Superior Court,* 42 Cal.4th 443, 454 (2007), *rev'd on other grounds*, stating that when damages sought by plaintiffs are small, the class action device is often the only effective way to hold defendants accountable). This, in conjunction with AppleOne's class action arbitration waiver--which Class Counsel successfully overcame--makes this class action

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

settlement especially fantastic because other employment lawyers would likewise be deterred from seeking recovery on a class wide basis. Nevertheless, under the negotiated class action settlement, Class Members will receive close to full value of their accrued, yet unpaid vacation wages.

### D.    CONTINUED LITIGATION WOULD ENTAIL SUBSTANTIAL COST, RISK, AND DELAY

Almost all class actions involve high levels of cost, risk, and delay, which support the Ninth Circuit's "policy that favors settlements, particularly where complex class action litigation is concerned." *Linney v. Cellular Ala. P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998). "It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." *In re Volkswagen "Clean Diesel Mktg., Sales Prac., & Prod. Liab. Litig.*, 229 F. Supp. 3d 1052, 1065 (N.D. Cal. 2017) (quoting *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (16.67% recovery)). "Rather, the fairness and the adequacy of the settlement should be assessed relative to risks of pursuing the litigation to judgment." *Villegas v. J.P. Morgan Chase & Co.*, 2012 WL 5878390, at *6 (N.D. Cal. 2012).

If the parties had not settled here, the ensuing litigation would have been risky, protracted, and costly. If this case continued without settling, each stage of the litigation poses real risks to a recovery for Becerra-South and Class Members. Becerra-South was faced with legal uncertainties, the risk of not obtaining class certification, not succeeding on the merits of the claims, and a risk of computing and proving damages. (Gould Decl., ¶¶ 21-25). Becerra-South's biggest risk was AppleOne's ERISA preemption defense, and if successful, Class Members would receive no financial recovery whatsoever. (Gould Decl., ¶ 23). Counsel on both sides have clearly perceived the risks and uncertainties associated with proceeding

- 16 -

with litigation, and believe in good faith that the proposed resolution is a fair, reasonable and adequate compromise. Courts recognize that even if "the relief afforded by the proposed settlement is substantially narrower than it would be if the suits were to be successfully litigated," negotiated settlements should be upheld because "the public interest may indeed be served by a voluntary settlement in which each side gives ground in the interest of avoiding litigation." *Air Line Stewards, etc., Loc. 550 v. American Airlines, Inc*. 455 F.2d 101, 109 (7th Cir. 1972). In short, Becerra-South face risks regarding whether this case would be arbitrated thereby waiving all Class Claims, whether a litigation class would be certified, and whether Becerra-South would be able to demonstrate liability on the claims--all further supporting final approval of the proposed settlement.

**E.    THE SETTLEMENT ESTABLISHES A METHOD TO DISTRIBUTE SETTLEMENT PROCEEDS EFFECTIVELY TO THE CLASS MEMBERS**

The Settlement provides for an efficient and effective process for distributing Settlement proceeds. AppleOne has provided CPT with the last rate of pay and the total amount of hours of accrued, yet unused vacation benefits during the Class Period for each Class Member. Class Members will receive settlement calculated and apportioned from the Net Settlement Amount based on the Class Member's last rate of pay and total amount of hours of accrued yet unused vacation benefits during the Class Period. It is appropriate to base Class Member Settlement payments on the amount of accrued, yet unused vacation because these same factors would have provided the basis for Becerra-South's class-wide damages at trial. Moreover, because there is no need for any Class Member to file a claim, every Class Member will have a check for their Settlement proceeds mailed directly to them. The Settlement, therefore, provides an effective method of distributing relief to the class. FRCP (e)(2)(C)(ii).

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

### F. THE TERMS OF THE REQUESTED AWARD OF ATTORNEYS' FEES AND COSTS, INCLUDING THE TIMING OF PAYMENT, ALSO SUPPORT FINAL SETTLEMENT APPROVAL

Under Rule 23(e)(2)(C), the Court considers the terms of any proposed award of attorneys' fees, including the timing of payment. As discussed further in Plaintiff's Motion for Attorneys' Fees, Costs, and Service Award, filed concurrently herewith, Becerra-South believes the requested fee is appropriate under both the percentage-of-the-fund and the lodestar-multiplier methods of determining reasonable fees used in the Ninth Circuit. Throughout this litigation, Class Counsel undertook significant legal work on behalf of the Class Members, including drafting a complaint, drafting a Motion to Compel, drafting a Motion for Class Certification, drafting a potential Motion for Summary Judgment/Partial Summary Judgment, engaging in factual investigation and discovery, retaining a consultant, and responding to Class Members' inquiries. (Gould Decl., ¶ 13). Class Counsel spent a great deal of time reviewing voluminous bank statements, tax returns, and VEBA Trust Documents.  Class Counsel also have also participated in lengthy settlement negotiations, including an all-day mediation, and prepared the motions for preliminary and final settlement approval, and supporting documents. As discussed further in Plaintiff's Motion for Attorneys' Fees, Costs, and Service Award, Class Counsel have spent substantial time and costs on this litigation.

### G. THE PARTIES HAVE NO OTHER AGREEMENTS PERTAINING TO THE SETTLEMENT

The Court must also evaluate any agreement made in connection with the proposed settlement. FRCP 23(e)(2)(C)(4) & (e)(3). The Settlement Agreement before the Court is the only agreement between Becerra-South and AppleOne. (Gould Decl., ¶ 15).

- 18 -

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

### H.    THE SETTLEMENT TREATS ALL CLASS MEMBERS EQUITABLY

The final Rule 23(e)(2) factor is whether the proposed settlement "treats class members equitably relative to each other." FRCP 23(e)(2)(D). "Matters of concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." FRCP 23(e)(2)(D), Advisory Committee Notes. The proposed relief in this settlement treats Class Members equitably.  All Class Members will receive settlement payments in proportion to the Class Members' amount of accrued, yet unused, vacation at the time of separation from employment with AppleOne.  (See Gould Decl. 15, Ex. No. 2, SA, ¶ 44).

### I.    CLASS MEMBERS' RESPONSE TO THE SETTLEMENT HAS BEEN POSITIVE

All of the factors of Rule 23(e)(2)(C), therefore, support final approval. In addition, the response of the Class Members to the Settlement has been positive. No Class Members have submitted objections, and none have opted out.  (CPT Decl.).

### J.    THE PROPOSED PAGA PAYMENT IS APPROPRIATE

In reviewing a class settlement that also encompasses claims under PAGA, a court should "evaluate the adequacy of compensation to the class *as well as* the adequacy of the settlement in view of the purposes and policies of PAGA." *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1134 (N.D. Cal. 2016) (emphasis in original). In performing this analysis, a court may apply a sliding scale. For example, "if the settlement for the Rule 23 class is robust, the purposes of PAGA may be concurrently fulfilled. By providing fair compensation to the Class Members as employees and substantial monetary relief, a settlement not only

- 19 -

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

vindicates the rights of the class members as employees, but may have a deterrent effect upon the defendant employer and other employers, an objective of PAGA." *Id.*

The Settlement here, which includes a $10,000 PAGA allocation—75% of which (or $7,500) will be distributed to the LWDA and the rest to the Class—fulfills PAGA's purposes. District Courts have previously approved comparable PAGA payments in class action settlements. *See Deaver v. Compass Bank*, 2015 WL 8526982 (N.D. Cal. 2015) (approving $5,000 PAGA payment— 1% of a $500,000 settlement fund); *Van Kempen v. Matheson Tri-Gas, Inc.*, 2017 WL 360787 (N.D. Cal. 2017) (approving $5,000 PAGA allocation—1.4% of a $370,000 settlement fund); *see also Singh v. Roadrunner Intermodal Servs., LLC*, 2019 WL 316814 (E.D. Cal. 2019) (concluding that $100,000 PAGA penalty— 1.1% of a $9.25 million settlement fund—"[was] fair, reasonable, and adequate in light of the public policy goals of PAGA"). Because Labor Code claims are at the heart of this case, a majority of Settlement funds will be allocated to Class Members to compensate them for these claims. This is fully consistent with PAGA's purposes, which include "encouraging compliance with Labor Code provisions" and "further[ing] the state's policy to protect workers from substandard and unlawful conditions." *O'Connor*, 201 F. Supp. 3d at 1133, 1135 (quoting brief submitted by the LWDA).

//

//

//

//

//

//

- 20 -

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## V.    **CONCLUSION**

For the foregoing reasons, Plaintiff Becerra-South respectfully requests that the Court grant final approval of the proposed settlement.

Dated:  December 28, 2020                    GOULD AND ASSOCIATES

                                            By:    /s/ Michael A. Gould
                                                   Michael A. Gould
                                                   Aarin A. Zeif

                                            Attorneys for Plaintiff

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**